IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **THOMAS H. PETERSON,** | **REPORT AND RECOMMENDATION** |
| **Plaintiff,** | |
| v. | **Case No. 2:06cv 511** |
| **H. RON BROWN et al.,** | **District Judge Dale A. Kimball** |
| **Defendants.** | **Magistrate Judge Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dale A. Kimball pursuant to 28 U.S.C. § 636(b)(1)(B). Because Thomas H. Peterson ("Plaintiff") is proceeding pro se in this matter, the court will construe his pleadings liberally. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

This court previously granted Plaintiff's application to proceed in forma pauperis under 28 U.S.C. § 1915 (the "in forma pauperis statute").[1] Whenever the court authorizes a party to proceed without the prepayment of fees under the in forma pauperis statute, the court is required to "dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In addition, it is well settled that the court has a duty to raise and determine sua sponte under rule 12 of the

---

[1] *See* docket no. 5.

Federal Rules of Civil Procedure whether subject matter jurisdiction exists in a particular case. *See* Fed. R. Civ. P. 12(b)(1), (h)(3); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

Upon review of Plaintiff's complaint, it appears that he is asserting jurisdiction pursuant to 28 U.S.C. § 1332.  Under 28 U.S.C. § 1332, a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332; *see also Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004).  Plaintiff has established that this matter is between "citizens of different States" in that he is a citizen of Washington, D.C., and H. Ron Brown and Richard L. Bird Jr. (collectively, "Defendants") are citizens of Utah.  28 U.S.C. § 1332.  Plaintiff has, however, failed to meet the amount in controversy requirement as he appears to be seeking only $109.00.

Further, even if Plaintiff meant to assert jurisdiction based upon a federal question, *see* 28 U.S.C. 1331, he has failed to include the necessary allegations to that effect.  While Plaintiff asserts that he was defrauded out of $109.00 by Defendants, he has not alleged that his claim arises "under the Constitution, laws, or treaties of the United States."  *Id.*  Accordingly, Plaintiff's complaint fails to demonstrate that subject matter jurisdiction exists based on a federal question.

For these reasons, **IT IS HEREBY RECOMMENDED** that Plaintiff's complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and rule 12 of the Federal Rules of Civil Procedure.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); Fed. R. Civ. P. 12(b)(1), (h)(3); *Laughlin*, 50 F.3d at 873.  Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.  The parties must file any objection to this Report and

Recommendation within ten (10) days after receiving it.  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 10th day of October, 2007.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge